March 20, 2025

Clerk
U.S. Court of Appeals
1100 E. Main Street, Suite 501
Richmond, VA 23219

RECEIVED
2025 MAR 27 P 2: 01
U.S. COURT OF APPEALS
FOURTH CIRCUIT

                Re: Marvin v. CASA, 5--1223

To the Court:

     Enclosed please find my brief in this matter with service by U.S. mail on:

CASA, INC., 8151 15th. Avenue, Hyattsville, MD 20528

U.S. Attorney General, Att. (Derek Weiss, Sharon Swingle), Civil Div. Fed. Programs, 1100 L Street, NW, Washington, D.C. 20005

     Thanking you for your kind considerat6ion, I am very truly yours,

*[signature]*

Mark Marvin
135 Mills Road
Walden, N.Y. 12586
845-778-4693
March 22, 2025

(18)

# UNITED STATES COURT OF APPEALS
## FOURTH CIRCUIT

**MARK MARVIN,**
    Petitioner-Appellant

No. 25-1223

    Against

8:25-cv-00201-DLB

**CASA,**
    Plaintiff-Appellee

---

### BRIEF OF PETITIONER-APPELLANT
From the order of the District Court
Dismissing his Application under
**BRANZBURG V. HAYES**

---

Mark Marvin, 135 Mills Road, Walden, N.Y. 12586

CASA, INC., 8151 15th. Avenue, Hyattsville, MD 20528

U.S. Attorney General, Att. (Derek Weiss, Sharon Swingle), Civil Div. Fed. Programs, 1100 L Street, NW, Washington, D.C. 20005

Due: April 10, 2025

# TABLE OF CONTENTS

STATEMENT OF QUESTIONS INVOLVED.......i

WHY THIS COURT SHOULD GRANT THIS PETITION IN FURTHERANCE OF ITS APPELLATE JURISDICTION......1

JURISDICTION...2

CONSTITUTIONAL PROVISIONS.....2

LIST OF PARTIES...2

SUMMARY OF THE CASE....2

PROCEDURAL HISTORY OF THIS BIRTHRIGHT CASE...2

ARGUMENT

I,   PETITIONER HAS STANDING TO PARTICIPATE IN THIS CASE...3

II,  CONFLICT OF INTEREST MAKES PROCEEDING ILLOGICAL, AND UNFAIR, IF NOT IMPOSSIBLE TO ADJUDICATE AS PLAINTIFFS IMPLICITLY ADVOCATE THAT BIRTHRIGHT DOES NOT IMPLICATE THE ESSENTIAL BIRTHRIGHT TO BE BORN ALIVE......4

CONCLUSION...7

# TABLE OF AUTHORITIES

32 CFR 776.26, ….6

*Bell v. Cone,* 2002, 536 U.S. 685, 122 S.Ct. 1843….6-7

*Branzburg v. Hayes,* 1972, 408 U.S. 665, 92 S.Ct. 2646,….3

*Dickenson v. U.S.* , 2000, 530 U.S. 428, 120 S.Ct. *2326, …1*

*Payne v. Tenn.,* 501 U.S. 808,…1

*McMellon v. U.S.,* 4th. Cir. 2004, 387 F.3d 329, ….1

*Mickens v. Taylor, Warden,* 2002, 535 U.S. 162.…6

*Mickens v. Taylor,* 2001, 240 F.3d 346…7

*Morrow v. Baloski, 3d Cir.,* 719 F.3d 160…1

*Pearson v. Callahan,* 2009, 555 U.S. 223, 129 S.Ct. 808…1

*Roberts v. U.S.* 1980, 445 U.S. 552,….3

*Rubin v. Gee,* 2002, 292 F.3d 396.…7

*U.S. v. Cronic,* 466 U.S. 648,…..6

*U.S. v. Harris,* CA3, 2006, 471 F.3d 507 …..1

*U.S. v. Miller,* CA-Mass, 463 F.2d 600…..6

*U.S. v. Nicholson,* 2007,475 F.3d 241……7

*United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770

*U.S. v. Russell,* 134 F.3d 171, 180 CA3, 1988…..1

*U.S. v. Wang Kim Ark,* (1898) 169 U.S. 649….7

i

## STATEMENT OF QUESTIONS INVOLVED.

I,     WHETHER PETITIONER HAS STANDING TO PARTICIPATE IN THIS CASE?

II,    WHETHER CONFLICT OF INTEREST MAKES PROCEEDING ILLOGICAL, AND UNFAIR, IF NOT IMPOSSIBLE TO ADJUDICATE AS PLAINTIFFS IMPLICITLY ADVOCATE THAT BIRTHRIGHT DOES NOT IMPLICATE THE ESSENTIAL BIRTHRIGHT TO BE BORN ALIVE?

1
# WHY THIS COURT SHOULD GRANT THIS PETITION IN FURTHERANCE OF ITS APPELLATE JURISDICTION.

Plain error makes this case outstanding and obligatory. "Under plain error review, we may grant relief if, 1, the District Court committed an error 2, the error is plain, and 3, the error affects substantial rights (*United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770) . An error is a deviation from a legal rule. (*U.S. v. Russell*, 134 F.3d 171, 180 CA3, 1988) It is plain when it is clear under current law, And it affects substantial rights when it is prejudicial, it affects the outcome of the district court proceeding." (*U.S. v. Harris*, CA3, 2006, 471 F.3d 507) In *Harris*, the plain error referenced was bolstering.

Stare decesis is clearly implicated. The Supreme Court has forwarded the reasoning that "*Stare decisis* promotes the evenhanded, predictable and considered development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." (*Pearson v. Callahan,* 2009, 555 U.S. 223, 129 S.Ct. 808, 816, citing: *Payne v. Tenn.*, 501 U.S. 808, 827)

"Even in constitutional cases the doctrine (*Stare decisis* ) carries such persuasive force that we have always required a departure from precedent to be supported by some special justification." (*Dickenson v. U.S.*, 2000, 530 U.S. 428, 443, 120 S.Ct. *2326, 2336; See also: Morrow v. Baloski, 3d Cir.,* 719 F.3d 160, 179; *McMellon v. U.S.,* 4th. Cir. 2004, 387 F.3d 329, 353)

2

## JURISDICTION

This Court has jurisdiction to review orders of the courts below. This Court has supervisory authority over courts below.

## CONSTITUTIONAL PROVISIONS

Questions of Due Process are involved regarding citizenship.

## LIST OF PARTIES

All parties appear in the caption of the case on the cover page.

## SUMMARY OF THE CASE

This case involves questions of birthright only minimally resolved since the civil war. Plaintiffs seek judgment that citizenship only requires birth in the United States. Mark Marvin as interested party seeks wider review particularly the fact that plaintiffs have taken a contradictory position that birthright does not involve the right to be born alive yet includes right to vote. Since the plaintiffs have moved the court for relief having taken contradictory stances, they should be disqualified as having a conflict of interest and cannot fairly represent the interests of children to birthright when they do not believe that birth is a right.

## PROCEDURAL HISTORY OF THIS BIRTHRIGHT CASE

Plaintiffs filed suit in the District Court. Mark Marvin as interested party filed his Application under *Branzburg v. Hayes* (1972, 408 U.S. 665, 92 S.Ct. 2646) a motion he believed should come on before the district court. The court denied his motion. (February 20, 2025) He now appeals that denial and dismissal.

3

## ARGUMENT

I.  PETITIONER HAS STANDING TO PARTICIPATE IN THIS CASE.

Petitioner notes that the District court is in error in that *Branzburg* specifically permits intervention of right in event of felony. (generic common law ) The citizen's duty (is) to raise the hue and cry and report felonies...." *Roberts v. U.S.* 1980, 445 U.S. 552, 557-58, 100 S.Ct. 1358, 1362, citing: *Branzburg v. Hayes*, 1972, 408 U.S. 665, 696, 92 S.Ct. 2646, 2664) In this case the plaintiffs purport to represent the interests of children under birth right, but inconsistently support the death of these children by abortion, thereby establishing a conflict of interest disqualifying them from representing the class of children they support the death of.

The court cites Local Rule 105.12 which misperceives an unconditional right to intervene by statute. However *Branzburg v. Hayes* is a rule of the United States Supreme Court which must be held to have superior authority to a simple rule which the Supreme Court has constitutional authority to supersede or modify at will in the interests of justice.

Therefore intervention is proper and a certificate of appealability is necessary to prevent an injustice to defenseless children who vote when convenient, or are destroyed when convenient.

II, CONFLICT OF INTEREST MAKES PROCEEDING ILLOGICAL, AND UNFAIR, IF NOT IMPOSSIBLE TO ADJUDICATE AS PLAINTIFFS IMPLICITLY ADVOCATE THAT BIRTHRIGHT DOES NOT IMPLICATE THE ESSENTIAL BIRTHRIGHT TO BE BORN ALIVE.

From Original Motion:

1, Plaintiffs seek Declaratory and Injunctive relief regarding defendants abandonment of unconstitutional practice of citizenship by accident of birth (birthright citizenship) to mothers who are not citizens themselves (Executive Order, January 20, 2025) without a test for "jurisdiction."

2, The Fourteenth Amendment Section 1 states "All persons born in the United States, and subject to the jurisdiction thereof, are citizens of the United States...." (owing allegiance)

3, Plaintiffs contend that they will be irreparably injured by the President's order. (E, paragraph 121) Such harm includes greater fiscal burden for essential services including numerous programs for the benefit of their residents, including for newborns and young children (paragraph 122) and "Medicaid provide(d) health insurance for individuals including children...." (paragraph 123) (see: pp. 23-28)

4, Plaintiffs allude to childrens' rights to health care excepting a "birthright right" right to birth, and not destroyed by an abortionist. For

5

unfathomable reasons plaintiffs seek to protect every conceivable right of children grow up to vote for federal funding, etc.

5, Plaintiffs' real concern seems to be the "host of federal, state, and local benefits provided." (Paragraph 90-94 (94 to vote)) CASA supports no limit on abortion, that is the killing of pre-born infants. (<u>La Casa Inc. - We understand Abortion is a hot topic but</u> ... Facebook July 2, 2020)

6, Plaintiffs allude to almost every "right" except a "birthright right" to be born alive and not destroyed by an abortionist. For unfathomable reasons plaintiffs seek to protect every conceivable right of the newborn except the right of live birth as long as the non-aborted children grow up to vote for government funding, etc. (vote responsibly for leftists)

7, Plaintiffs have expressed no desire to protect the prime right of an infant to be born alive, and consequently, their Complaint must be considered illogical, disingenuous, a hoax on the court and certainly not in the public interest and not justiciable.

8, Plaintiffs imply that rights are all or nothing, and have omitted e.g. the <u>IRS Substantial presence test</u>, where "you will be considered a United States resident for tax purposes if you meet the substantial presence test for the calendar year."

(To meet this test, you must be physically present in the United States (U.S.) on at least: 1, 31 days during the current year, and 2, 183 days during the 3-year period that includes the current year and the 2 years immediately before that, counting: All the days you were present in the current year, and

6

1/3 of the days you were present in the first year before the current year, and 1/6 of the days you were present in the second year before the current year.)

9, Plaintiffs have lost track of "birthright" children pressed into sex trafficking and/or slave labor.

10, Plaintiffs have expressed no desire to protect the prime right of a child to be born alive, and consequently, their Complaint must be considered illogical, disingenuous, a hoax on the court and certainly not in the public interest and not justiciable.

11, Under 32 CFR 776.26, an attorney shall not represent a client if that representation involves a concurrent conflict of interest which exists if there is significant risk that that representation of one or more clients will be materially limited by the covered attorney's responsibilities to another client, a former client, or a third person or by a personal interest of the covered attorney. (*Mickens v. Taylor, Warden,* 2002, 535 U.S. 162, citing: "circumstances of that magnitude (different result, i.e. prejudice) *U.S. v. Cronic,* 466 U.S. 648, 659, N,. 26, may also arise when defendant's attorney actively represented conflicting interests." (See also: *U.S. v. Miller*, CA-Mass, 463 F.2d 600, 602)

"A trial would be presumptively unfair, we said, where the accused is denied the presence of counsel at a critical stage....Second we posited that a similar presumption was warranted if counsel entirely fails to subject the prosecutor's case to meaningful adversarial testing." (*Bell v. Cone,* 2002,

7

536 U.S. 685, 695-696, 697, 122 S.Ct. 1843, 1851) Failure to adduce mitigating evidence by counsel is consistent with *Strickland* standards of performance and prejudice. (Id. 697, 1852) (see: *Strickland v. Washington,* 466 U.S. 668)

## CA-4 CONFLICT OF INTEREST CASES

In this matter, plaintiffs are representing an interest which seeks to protect civil rights of persons born under the theoretical "birthright" and also represent the interests of those who wish to kill those same pre-born individuals. "Defense attorneys are obligated to inform the court of conflicts of interest" (*Mickens v. Taylor,* 2001, 240 F.3d 346) As such a "conflict adversely affected counsel's performance prejudice will be presumed" (*Rubin v. Gee*, 2002, 292 F.3d 396 [8]) "Simultaneous representation of defendant and person who threatened to kill defendant was actual conflict of interest." (*U.S. v. Nicholson*, 2007, 475 F.3d 241, [8,9])

CONCLUSION

WHEREFORE, as Plaintiff's Complaint appears intellectually dishonest and contrary to the public interest,

AND in order to advocate in this litigation, plaintiff must operate from an unavoidable conflict of interest in arguing for the birthright to vote, etc, but not the birthright to be born alive.

AND as the Fourteenth Amendment clause "subject to the jurisdiction thereof" (owing allegiance) should be understood as applicable to citizenship for live born i.e non-aborted children. (*U.S. v. Wang Kim Ark,* (1898) 169 U.S. 649) and dismissed.

Respectfully submitted,

*[signature]*

Mark Marvin
135 Mills Road
Walden, N.Y. 12586
845-778-4693
March 22, 2025

Mark Marvin
135 Mills Rd
Walden, NY 12586

Clerk
US Court of Appeals
1100 E Main St. 501
Richmond, VA 23219

RECEIVED
U.S. MARSHALS



Retail
RDC 99

23219

U.S. POSTAGE PAID
FCM LG ENV
MONTGOMERY, NY 12549
MAR 22, 2025
$2.31
R2305M144355-20